OPINION
Defendant-appellant, Frank Fulmer, appeals from a judgment of the Columbiana County Common Pleas Court classifying him as a "sexually oriented offender" and requiring him to register in accordance with R.C. 2950.03.
On March 26, 1986, appellant pled guilty to one count of engaging in sexual conduct with a thirteen year old female by force or threat of force in violation of R.C. 2907.02(A)(1). On May 1, 1986, the court sentenced appellant to a term of imprisonment of not less than 10 years nor more than 25 years. The court also ordered, appellant to pay a $10,000.00 fine.
The Ohio Department of Rehabilitation and Corrections screened appellant pursuant to House Bill 180 and recommended that appellant, who is presently incarcerated, be classified as a "sexual predator." On October 31, 1997, the court held a hearing to determine whether appellant is a "sexual predator." On November 4, 1997, the court filed a judgment entry finding instead that appellant is a "sexually oriented offender," subjecting him to the notification requirements of R.C. 2950.03. This appeal followed.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01 ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under his sole assignment of error, appellant presents three issues for review. Appellant's first issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
The Ohio Supreme Court has resolved the constitutional challenges raised by appellant's first issue presented for review in State v. Cook (1998), 83 Ohio St.3d 404. The court held that R.C. Chapter 2950, as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Id. at paragraphs one and two of the syllabus.
Appellant's second issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant's third issue presented for review questions:
 "WHETHER THE TRIAL COURT'S CLASSIFYING THE APPELLANT AS A `SEXUALLY ORIENTED OFFENDER,' VIOLATED THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."
This court addressed issues identical to those raised by appellant's second and third issues presented for review in Statev. Clay (June 1, 1999), Columbiana App. No. 97CO58, unreported, and State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98C015, unreported. We hereby adopt and incorporate our resolution of those corresponding issues from those opinions herein.
Accordingly, appellant's sole assignment of error is without merit. The decision of the trial court is hereby affirmed.
Cox, J., dissents; see dissenting opinion
Waite, J., concurs
APPROVED:
 _________________________________ Gene Donofrio Judge